UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 03-CR-10362-PBS |
| V. ) | |
| ) | |
| TREVOR TEAGUE ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT TEAGUE'S MOTION TO SUPRESS EVIDENCE

### INTRODUCTION

The United States of America, through its undersigned attorneys, hereby opposes Defendant Trevor Teague's Motion To Suppress Evidence, namely the marijuana seized on October 22, 2003. The Motion to Suppress should be denied for reasons including the following: (1) defendant lacks standing under the Fourth Amendment to suppress the evidence; (2) the attenuation or intervening circumstances between the seizure of the marijuana in the RV, the voluntary cooperation of co-defendants, and the controlled delivery of this marijuana to defendant Teague two days later, purges any possible taint from the initial stop; and (3) defendant has provided no legal authority supporting his contention that the Fifth Amendment Due Process clause applies to this case or that a violation exists. Thus, Defendant Teague's Motion to Suppress Evidence should be denied.

### FACTS

On the afternoon of October 22, 2003, Deputy Sheriff Carmello Crivello stopped defendants Christopher R. Sugar

("Sugar") and Sean D. Stark ("Stark") who were traveling in a Recreational Vehicle ("RV") along highway I-44 in Phelps County, Missouri. The facts are more fully described in the Court's June 24, 2004, memorandum and order. Deputy Crivello followed the RV for approximately 1/2 mile during which time he observed the RV cross over into the right shoulder at least one time. Deputy Crivello then initiated a traffic stop on the RV. Crivello was suspicious that the RV may contain narcotics. Crivello ran a records check on Sugar and Stark and called in a canine unit. The records check came back clean. The RV was registered to Robert L. Ireland in Tucson, Arizona. The canine unit arrived about ten to fifteen minutes after the clean records check was returned and about twenty minutes after Crivello initially stopped the RV. The canine alerted and 376.9 pounds of marijuana was found in the closet of the RV.

On October 22, 2004, Special Agent Leslee Tate in Missouri read Sugar and Stark their Miranda Rights and the two signed Statement of Rights Forms, waiving their Miranda Rights. The two agreed to cooperate and conduct a controlled delivery to the intended recipients in Massachusetts. Stark made consensually recorded conversations to the recipient in Massachusetts.

Two days later, on October 24, 2003, Sugar and Stark, accompanied by law enforcement, arrived in Massachusetts with the RV and marijuana. Special Agent David O'Neill in Massachusetts

again read Sugar and Stark their Miranda Rights. Both Sugar and Stark again admitted that they had been transporting the marijuana in the RV through Missouri to Massachusetts and were to be paid. The two agreed to continue their cooperation. They conducted a controlled delivery of the marijuana to defendants Teague, Fabian Ruiz, and Anibal Torres. The three were subsequently arrested.

## ARGUMENT

### A. Defendant Teague Has No Standing To Suppress the Evidence

The Supreme Court has clearly stated that "the proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." United States v. Bouffard, 917 F.2d 673, 675-76 (1st Cir. 1990) (citing Rakas v. Illinois, 439 U.S. 128, 131 (1990)). Defendant Teague has failed to satisfy this burden as set forth below, failing to even address the standing requirement issue.

Defendant Teague's motion to suppress the marijuana seized in an RV owned by Robert Ireland and driven by Sean Stark and Christopher Sugar is a red herring. Teague assumes without even attempting to demonstrate, nor could he, that he has standing to suppress evidence in an RV in which he had no connection, and was not a driver or a passenger. The fact that the District Court ruled that the initial stop as to Sugar and Stark violated their Fourth Amendment rights is irrelevant.

> The Fourth Amendment's prohibition against unreasonable searches and seizures extends only to protect those places and interest in which the accused can be characterized as having a legitimate expectation of privacy. . . . Demonstration of such an expectation is a threshold standing requirement, and analysis cannot proceed further without its establishment. . . . The burden of persuasion is unquestionably upon the defendant.

<u>United States v. Cruz Jimenez</u>, 894 F.2d 1, 5 (1st Cir. 1990).

Thus, defendant Teague clearly had no expectation of privacy in an RV he had no connection to and was not present in, nor does he assert as such. Simply attaching the District Court's opinion which addressed the Fourth Amendment violations concerning Sugar and Stark's expectation of privacy in an RV they were actually riding in, has nothing to do with defendant Teague. He cannot co-opt another's Fourth Amendment rights as his own. <u>See also United States v. Bouffard</u>, 917 F.2d 673, 676 (1st Cir. 1990) (holding defendant had no legitimate expectation of privacy in trunk of borrowed car); <u>United States v. Soule</u>, 908 F.2d 1032, 1036 (1st Cir. 1990) (holding defendant had no legitimate expectation of privacy in pick-up owned by another even though defendant had been present with owner's consent); <u>Rawlings v. Kentucky</u>, 448 U.S. 98 (1980) (holding no legitimate expectation of privacy in pills held in friend's purse). Thus, defendant Teague's Motion to Suppress, should be denied.

4

### B. The Attenuation or Intervening Circumstances Dissipates any Initial Taint of the Seizure

The attenuation doctrine provides that any tainted or poisoned evidence obtained as a result of an illegal search or seizure, "fruit of the poisonous tree", is freed of the taint when the causal chain has been sufficiently attenuated from the primary illegality by some intervening circumstances. See United States v. Monti, 557 F.2d 899 (1st Cir. 1997) (holding if any taint attached to defendant's statements, it was fully dissipated by the intervening time interval); United States v. Seidman, 156 F.3d. 542, 549-50 (4th Cir. 1998) (holding initial taint of alleged illegal entry was purged although very little time elapsed, because defendant consented to conversation and voluntarily closed door of apartment); United States v. Ayres, 725 F.2d 806, 809-11 (1st Cir. 1984) (holding statements later made at the police station after being read Miranda warnings were admissible because of sufficient attenuation from initially illegally obtained statements).

After having received the Miranda warnings in Missouri and then two days later in Massachusetts, Sugar and Stark voluntarily admitted to transporting the marijuana in the RV and agreed to conduct the controlled delivery to Teague and the others in Massachusetts. This is a huge lapse in time between the initial seizure and the controlled delivery. Moreover, Sugar and Stark's

5

statements and actions were completely voluntary, such that any initial taint of the search of the RV has been purged. Moreover, the Phelps County conduct consisting of a traffic violation that the Deputy believed at the time was proper, and a subsequent ten to fifteen minute delay until the narcotics canine arrived, was not a flagrant violation of official misconduct, as defendant alleges. See Seidman, 156 F.3d at 550 (holding conduct did not rise to level of the "flagrancy and offensiveness" that militated toward suppression such as in Wong Sun in which six or seven officers broke open door, chased defendant, and handcuffed defendant). Therefore, the Motion to Suppress should be denied.

### C. Defendant Has Provided No Legal Authority Demonstrating That the Fifth Amendment Right to Due Process Applies or Has Been Violated

The Fifth Amendment Due Process right guarantees that fundamental fairness is preserved in a criminal trial. See Lisenba v. California, 314 U.S. 219, 236 (1941). ("In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial."). The defendant has provided absolutely no legal authority supporting his contention that the Fifth Amendment Due Process Right applies or has been violated. In the two due process cases defendant

cites[1], the courts held that the government did not violate the defendants' rights. In the remaining cases defendant cites, the courts properly analyzed suppression issues under the Fourth Amendment expectation of privacy. As discussed above, defendant has no standing under the Fourth Amendment to move to suppress the evidence. Therefore, the Motion to Suppress should be denied.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress Evidence should be denied.

Dated: September 10, 2004

Respectfully Submitted,
MICHAEL J. SULLIVAN
United States Attorney

By: /s/

CYNTHIA W. LIE
ASSISTANT U.S. ATTORNEY

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of Custer & Weinstein record for each other party by mail on 9/10/04

Assistant U.S. Attorney

---

[1] See California v. Trombetta, 467 U.S. m 479, 485-491 (1984) (holding no due process violation because right did not require that law enforcement agencies preserve potentially exculpatory evidence); see also Lisenba v. California, 314 U.S. 219, 236 (holding no denial of due process although the police conduct in questioning the defendant was illegal because of the lack of coercion and the defendant's voluntary admissions).