UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                         03-10362-PBS

TREVOR ROYCE TEAGUE

### DEFENDANT'S MOTION TO STRIKE SURPLUSAGE

Defendant Trevor Royce Teague, by his attorney, moves that this Court strike that portion of the superseding indictment captioned "Notice of Additional Factors".

Mr. Teague submits that the information captioned "Notice Of Additional Factors" are improper and prejudicial surplusage in violation of Federal Rules of Criminal Procedure 7(d).

As set forth in the Advisory Committee Notes to Rule 7(d), "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."

Clearly, the government obtained the superseding indictment in an effort to guard against prospective ruling by the United States Supreme Court that the federal sentencing guidelines are unconstitutional or a variant thereof in the wake of Blakely v. Washington, 124 S. Ct. 2531 (2004).

The Fifth Amendment to the United States Constitution provides that "No person shall be held to answer for a capital crime, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury .. Nor shall any person ... be deprived of life, liberty, or property, without due process of law ..."  Only Congress has the authority to criminalize conduct and so, because the additional factors are not statutory offenses with a basis in the United States Code, they may not be treated as elements of an infamous crime under the Fifth Amendment.  See e.g. Staples v. United States, 511 U.S. 600, 604 (1994).

Case 1:03-cr-10362-WGY    Document 143    Filed 12/09/2004    Page 2 of 3

Moreover, since the additional factors are not properly offenses against the laws of the United States, under 18 U.S.C. §3231, this Court lacks the subject matter jurisdiction over the matters asserted in the notice of additional factors.

Rule 7(c) requires that each count of the indictment provide the official or customary citation of the statute the defendant is alleged to have violated. That notice is provided in Count One and Count 3 of the superseding indictment. Thereafter, the only authority referenced in the Notice of Additional Factors is to the United States Sentencing Guidelines. While the government attempts to craft an indictment which may satisfy post <u>Blakely</u> jurisprudence, there is no current lawful authority for this form of pleading.

Mr. Teague submits that inclusion of the additional factors is prejudicial surplusage. Not only is the trial jury provided with an assertion that he is "accountable" for between 100 and 400 kilograms of marijuana, there are similar assertions regarding co-defendants Sugar, Stark and Ruiz. Additionally, Mr. Teague is prejudiced by 'role in the offense' assertions as to Mr. Ruiz. It is plainly unfair, and impermissibly prejudicial, to place that information before the jury in the indictment as it considers whether the elements of the crimes charged in counts one and three have been proven beyond a reasonable doubt.

Accordingly, Mr. Teague requests that this Court strike that portion of the superseding indictment captioned "Notice of Additional Factors."

                                              TREAVOR ROYCE TEAGUE
                                              By his attorney,

                          /s/ Elliot M. Weinstein
                          Elliot M. Weinstein
                          BBO #520400
                          228 Lewis Wharf
                          Boston, MA 02110
                          617-367-9334

December 8, 2004