UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )   CRIMINAL NO. 03-CR-10362 (PBS)
v.                       )
                         )
TREVOR TEAGUE,           )
FABIAN A. RUIZ           )
                         )
       Defendants.       )

**GOVERNMENT'S OPPOSITION TO DEFENDANT RUIZ'S MOTION TO STRIKE SURPLUSAGE FROM SUPERSEDING INDICTMENT AND DEFENDANT TEAGUE'S MOTION TO STRIKE SURPLUSAGE**

The United States of America, through its undersigned attorneys, hereby opposes Defendants Ruiz and Teague's Motions to Strike Surplusage, as the Notice of Additional Factors is relevant and not prejudicial.

Background/Blakely

The superseding indictment includes a notice which alleges the applicability to this case of sentencing enhancement factors set forth in the Sentencing Guidelines.  The government provides this notice to preserve its ability to seek a jury determination regarding the existence of the charged factors, which in this case relate solely to drug quantities as to all defendants and role as to defendant Ruiz.

The government has adopted this course in light of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004).  In that case, the Court held that the application of a Washington sentencing procedure did not comport with the Sixth

Amendment where a pertinent sentencing finding was made by a judge rather than a jury.  The Supreme Court held that this procedure violated the principle set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that any fact which increases a statutory maximum sentence must be found by the jury under a reasonable doubt standard.  The Blakely Court stated that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2536 (emphasis in original).

Blakely stated that it passed no judgment on the federal guidelines.  See id. at 2538 n.9.  It is the government's position that: (a) Blakely does not apply to the federal guidelines, and (b) if Blakely does apply, and in a particular case bars the application of a sentencing enhancement in the absence of a jury finding or defendant's admission, the guidelines as a whole are not severable and should not be employed in that case, except as a guide to the exercise of the court's discretion.

However, even if this Court shares the government's view with respect to either argument, we nevertheless deem it prudent to obtain a jury verdict to protect against the possible impact of adverse appellate decisions.  It must be recognized that the Supreme Court, applying the reasoning of Blakely, may ultimately

2

hold that with regard to the application of the federal sentencing enhancements, it is necessary for any fact supporting a sentencing enhancement or upward departure to rest on a jury verdict. The Court may also decline the government's alternative argument regarding the inability to sever the guidelines, and direct that the existing guidelines be applied through jury fact-finding. For this reason, and in order to protect against the possibility of an unjustly low sentence in this case in the event that <u>Blakely</u> is so extended, the government has elected, as a protective measure, to charge the pertinent enhancement factors and seek a jury determination regarding each.

<u>Surplusage</u>

The notice provided to the defendant is not subject to abrogation as surplusage. In general, the Court may strike, as surplusage and superfluous, language which unfairly prejudices the accused. <u>United States v. Vastola</u>, 899 F.2d 211, 231 n.25 (3d Cir.), <u>vacated on other grounds</u>, 497 U.S. 1001 (1990). <u>See also</u> <u>United States v. Pungitore</u>, 910 F.2d 1084, 1142 & n.83 (3d Cir. 1990). A motion to strike surplusage is permitted under Rule 7(d) of the Federal Rules of Criminal Procedure. However, "the scope of a district court's discretion to strike material from an indictment is narrow." <u>United States v. Oakar</u>, 111 F.3d 146, 157 (D.C. Cir. 1997). "The standard under Rule 7(d) has been strictly construed against striking surplusage." <u>United

States v. Jordan, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). "Under the exacting standard by which they are evaluated, motions to strike surplusage are rarely granted." United States v. Bornick, 2004 U.S. Dist. LEXIS 23987, *7; 2004 WL 2861868, *3 (E.D. Pa. Nov. 29, 2004) (citations omitted); see also United States v. Eisenberg, 773 F.Supp. 662, 700 (D.N.J. 1996) ("It is an exacting standard which is met only in rare circumstances.").

A "motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998), quoting 1 Charles Alan Wright, Federal Practice and Procedure §127, at 426 (1982). See also United States v. Behenna, 552 F.2d 573, 576 (4th Cir. 1997); United States v. Root, 366 F.2d 377, 381 (9th Cir. 1996); United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990); United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990); United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990); United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990). "Material that can fairly be described as 'surplus' may only be stricken if it is irrelevant and prejudicial." Oakar, 111 F.3d at 157.

The sentencing factors described in the superseding indictment are neither irrelevant nor unduly prejudicial. Rather, they are the very factors which by law are pertinent to

the determination of the defendant's sentence in this case. While the government traditionally would not seek to include these factors in the indictment itself, it has done so in anticipation of the defendant's claim, based on Blakely, that such notice afforded by the grand jury is essential to the Court's power to impose the sentence permitted by law. The defendants are charged with one count of conspiracy to distribute marijuana and one count of possession with intent to distribute marijuana in an amount of at least 100 kilograms. The Notice of Additional Factors charges the defendants with a specific range amount of marijuana each defendant is responsible for and charges defendant Ruiz with the role as a supervisor of this marijuana conspiracy - hardly inflammatory or unfairly prejudicial. Moreover, these factors are certainly relevant to the crimes charged.

Language is properly included in an indictment if it pertains to matters which the government will prove at trial. Courts have reiterated the "heavy burden a defendant bears in making a showing of irrelevance or prejudice." Bornick, 2004 U.S. Dist. LEXIS 23988, *8.

Absent a Blakely waiver by the defendant, the notice of additional factors is relevant to sentencing issues and is neither inflammatory nor unfairly prejudicial. A number of courts have already denied motions similar to defendants. See

5

United States v. Cintron, 2004 U.S. Dist. LEXIS 22834 (E.D. Pa. Aug. 19, 2004); Bortnick, 2004 U.S. Dist. LEXIS 23988; United States v. Gotti, 2004 U.S. Dist. LEXIS 21540; 2004 WL 2389755 (S.D.N.Y. 2004).

> Although the additional factors in the superseding indictment are not elements of the charged offenses, they are nevertheless relevant to the charged offenses because, if proven to and found by a jury, they would permit enhancement of the defendants' sentences under the Sentencing Guidelines.

Cintron, 2004 U.S. Dist. LEXIS 22834 at **1-2. As the Courts in these cases recognized, in full accord with the purpose of an indictment, the indictment puts the defendant on notice of additional facts concerning the offense which may be relevant for purposes of sentencing. Cf. United States v. Stansfield, 171 F.3d 806, 811 (3d Cir. 1999) (the purpose of an indictment is to identify the defendant's alleged offense and "fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have" (internal quotation marks omitted)). Of course, as set forth above, any concerns about prejudice the defendant might suffer may be alleviated by withholding submission fo the additional facts, where necessary, until after the jury has made its guilt determination. In that circumstance, the notice of additional factors plainly would not be inflammatory or unduly prejudicial to the defendant because the sentencing factors would be submitted to the jury only during the sentencing phase and not during the finding of guilt phase.

If necessary, should the Court determine that the defendants would suffer prejudice from the submission of the additional factors to the jury prior to its guilt determination (the government submits they would not), the additional factors could be submitted to the jury after the guilt determination. In either case, the inclusion of the factors in the superseding indictment is necessary for the purpose of providing notice to the defendant and is thus plainly justified.

<u>Conclusion</u>

In sum, the Notice of Additional Factors notifying the defendant of additional factors to be proved as a precursor to their submission to the jury is plainly justified. The factors are relevant to sentencing and do not unfairly prejudice the accused, and if necessary may be submitted to the jury after it makes its guilt determination. The motions to strike the notice should be denied.

Dated: December 21, 2004

By its attorney,

MICHAEL J. SULLIVAN
United States Attorney

By: <u>*/s/ Cynthia W. Lie*</u>
Cynthia W. Lie
Assistant U.S. Attorney