```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. |
| ) | |
| ) | 03-CR-10362 (PBS) |
| V. ) | |
| ) | |
| ) | |
| FABIAN A. RUIZ, ) | |
| and ) | |
| TREVOR ROYCE TEAGUE, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' MOTION IN LIMINE**

The United States of America, through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorneys Cynthia W. Lie and Jennifer Zacks, hereby files this Motion <u>in</u> <u>Limine</u>. First, the government seeks to admit evidence of Anibal Torres' relationship with alleged co-conspirators Fabian Ruiz and Trevor Teague. Second, the government seeks to preclude testimony concerning certain convictions and allegations of prior bad acts of Anibal Torres.

**I. BACKGROUND EVIDENCE OF TORRES' RELATIONSHIP WITH RUIZ AND TEAGUE**

The government seeks to admit evidence of the circumstances by which defendants Fabian Ruiz ("Ruiz") and Trevor Teague ("Teague") had a relationship with Torres prior to October 24,

2004, the arrest date at issue.  The government anticipates that the testimony will be that Torres knew Ruiz from six other marijuana transactions, two in 2000, two in 2002, and two in 2003, and knew Teague from one of these marijuana transactions.  The government does <u>not</u> intend to introduce any detail of these past drug transactions.  The government intends to merely provide evidence that Torres had a prior relationship with Ruiz and Teague such that Torres recognized them, knew their voices, and had a prior relationship, particularly with Ruiz such that Ruiz could call Torres or vice versa.  <u>See</u> <u>United States v. Dworken</u>, 855 F.2d 12, 27-28 (1st Cir. 1988); <u>United States v. Currier</u>, 821 F.2d 52, 55 (1st Cir. 1987).

This evidence also demonstrates Ruiz and Teague's intent and knowledge on October 24, 2005, when they were unloading the marijuana at issue in order to counter defense arguments that the two were merely present or only seeking personal use amounts, having no intent to aid a distribution.  <u>See</u> <u>Dworken</u>, 855 F.2d at 27-28.  Therefore, this brief background evidence would be properly introduced pursuant to FRE 404(b) "'[t]o complete the story of the crime on trial by proving its immediate context of happenings near in time and place", as well as to properly provide "proof of intent."  <u>Dworken</u>, 855 F.2d at 27-28.

2

**II. CONVICTIONS AND BAD ACTS RELATING TO A DOMESTIC DISPUTE**

**A. Convictions More than Ten Years Old**

Torres has the following prior convictions which are more than ten (10) years old that should be excluded under FRE 609(b):

1. Larceny of a Motor Vehicle - Lowell Juvenile Court, Massachusetts - July 26, 1985 - two years probation;

2. Larceny - Lowell Juvenile Court - July 26, 1985 - Same disposition as #1.

3. Malicious Destruction of Property - July 26, 1985 - Lowell Juvenile Court - Same disposition as #1.

4. Leaving Scene: Property Damage - November 20, 1987 - Lawrence District Court, Massachusetts - $125 fine;

5. Compulsory Insurance Violation - January 15, 1988 - Lawrence District Court, Massachusetts - $375 fine

6. Leaving Scene: Property Damage - January 15, 1988 - Lawrence District Court, Massachusetts - 1 Year Probation;

7. Operation After Suspension of License - April 20, 1990 - Lawrence District Court, Massachusetts - $50 fine;

8. Possession with Intent to Distribute Class D Substance - May 15, 1990 - Dudley District Court, Massachusetts - Court Costs Paid;

9. Operation After Revocation of License - Lawrence District Court, Massachusetts - November 11, 1990 - 10 days Commitment;

    10.    Operation After Revocation of License - Lawrence District Court, Massachusetts - December 26, 1990 - Same disposition as #9;

    11.    Assault and Battery on a Police Officer - Lawrence District Court, Massachusetts - December 26, 1990 - 90 Days Suspended Sentence;

    12.    Possession of a Class D Controlled Substance - Lawrence District Court - March 8, 1991 - $62.50 fine;

    13.    Operation After Suspension of License – Lawrence District Court - June 30, 1994 - 6 Months Suspended Sentence;

    14.    Threatening - Lawrence District Court - July 12, 1994 - one year probation;[1]

    15.    Assault and Battery - Lawrence District Court – July 12, 1994 - One year probation

First, defendants have not given the requisite written notice of intent to use this evidence, as mandated by F.R.E. 609(b). Second, these convictions all exceed the 10 year old limit, and should be precluded pursuant to FRE 609(b). See Wierstak v. Heffernan, 789 F.2d 968, 972 (1st Cir. 1986) (holding over ten year old convictions for breaking and entering, larceny, and drug possession were properly precluded under FRE 609(b)); See also United States v. Figueroa, 976 F.2d 1446, 1456-57 (1st Cir. 1992); United States v. Tapia, 738 F.2d 18, 21 (1st Cir.

---

[1] In both conviction 14 and 15, the mandated probation ended after the 10 year limit. These convictions are not admissible because the date of conviction controls whether they fall within the 10 year time limit, and because they are not probative. Rule 609 states that "Evidence of a conviction. . . is not admissible if a period of more than ten years has elapsed since. . . the release of the witness from the confinement imposed for that conviction," (F.R.E. 609, emphasis added).

1984).

Third, there is no probative value of these convictions that substantially outweighs the prejudicial value as required by F.R.E 609(b). Defendants bear the burden of demonstrating a "compelling reason" to justify the use of this evidence. See Heffernan, 789 F.2d at 972; See also United States v. Cavender, 578 F.2d 528, 530, n.7 (4th Cir. 1978). There is no compelling reason in the instant case. The defendants, moreover, have plenty of lines of inquiry with which to impeach Torres. Torres will testify to his drug use and significant drug dealing, which have already been disclosed to defendants. Thus, this evidence should properly be precluded.

**B. Arrests More than Ten Years Old**

Torres has the following arrests, which did not lead to convictions, but which are over ten years old and should be precluded:

1. Attempt to Commit Crime - August 6, 1986 - Somerville Juvenile Court - Dismissed.

2. Malicious Destruction of Property - August 6, 1986 - Somerville Juvenile Court - Same disposition as #1.

3. Possession of Burglarious Tools - August 6, 1986 - Somerville Juvenile Court - Same disposition as #1.

4. Possession of Burglarious Tools - August 11, 1987 - Somerville Juvenile Court - Same disposition as

       #1.

5. Larceny - August 11, 1987 - Somerville Juvenile Court - Same disposition as #1.

6. Assault and battery with a Dangerous Weapon Lawrence District Court, Massachusetts - December 26, 1990 - Dismissed;

7. Attaching Wrong MV Plates - January 15, 1988 - Lawerence District Court, Massachusetts - filed, No Finding;

Since these actions were dismissed and are not convictions, they are not admissible for impeachment purposes under Rule 609. Moreover, they are not admissible under Rule 608(b), as evidence of character and conduct of witnesses. As the First Circuit has clearly stated, "because Rule 608(b) allows cross-examination on particular instances of conduct by the witness, the possibilities of abuse are substantial . . . . To protect against abuse, specific instances of conduct must be clearly probative of truthfulness or its opposite and most not be remote in time. United States v. Mateos-Sanchez, 864 F.2d 232, 236 (1st Cir. 1988).

These charges are not probative of truthfulness and are remote in time. The types of activities and conduct by witness' that are considered probative of truthfulness and untruthfulness and subject to cross-examination are well established, conduct such as fraud, forgery, and perjury. United States v. Leake, 642 F.2d 715, 718 (4th Cir. 1981) (citations omitted) ("Rule 608 authorizes inquiry only into instances of misconduct that are

'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery, or embezzlement"). This is not the type of conduct at issue. See United States v. Meserve, 271 F.3d 314, 329 (1st Cir. 2001) (holding assaultive behavior "bore no relation whatsoever to his character for truthfulness."); See also Heffernan, 789 F.2d at 972 (holding crimes of theft, stealth, and drug use are not probative of truthfulness). These charges are also extremely remote in time. Therefore, this evidence should properly be precluded.

**C. Domestic Turmoil From Ten Years Ago**

Torres has the following restraining order arising from domestic turmoil on his record that should be precluded:

1.  Civil Restraining Order - Refrain from Abuse, No Contact, Vacate/Stay Residence, Stay away Residence, Custody to Plaintiff, Other - Lawrence District Court - June 3, 1994, expired 2/25/1995

Under F.R.E. 608(b) and the caselaw set forth supra, these incidents are not admissible because they are collateral, extrinsic instances of prior conduct and are not probative of truthfulness. See Meserve, 271 F.3d at 329 (holding witness could not be questioned about involvement in prior fights and violent behavior, as this was impermissible under Rule 608(b) because such specific instances of prior conduct "bore no relation whatsoever to his character for truthfulness or untruthfulness."); See also Miller v. United States, 135 F.3d 1254, 1256 (8th Cir. 1998) (upheld a district court ruling that a

paid informant may not be questioned about an adult abuse order by a girlfriend because cross-examination must be "limited to only those acts that are probative of the propensity for truthfulness"); <u>United States v. Ponte</u>, 754 F.2d 33 (1st Cir. 1985) (holding district court erred in admitted prior incidences of violence).

Second, allowing the defendants to make inquiry, in and of itself, creates a misleading impression from which the witness, and the government, will be hard-pressed to recover. It is akin to asking a male witness if he still beats his partner - the denial does not completely address the innuendo left behind. Allowing such inquiry, moreover, threatens to divert the jury's attention and to waste time by creating a "side show" on the issue of whether Torres did or did not physically abuse his partner. Rule 608(b) was designed to preclude inquiry into such matters.

Even if true, the restraining order is from 1994 and terminated in 1995, remote in time, and is not admissible because it is not probative of truthfulness. Thus, this evidence should be precluded.

**D. Convictions and Arrests Within Ten Years**

Torres has the following conviction and arrest within 10 years of this action that should also be precluded:

1. Operation After Suspension of License - Lowell District Court - November 4, 1996 - Guilty, Filed

    2.   Intimidation - Lawrence District Court - January 3, 2003 - dismissed

Under F.R.E. 608(b) and the caselaw set forth <u>supra</u>, the allegations of and prior bad acts listed above are inadmissible because they are collateral and not probative of truthfulness. The intimidation charge was dismissed. This evidence is also inadmissible under F.R.E. 404(b), as it has little to no probative value, but is highly prejudicial. Moreover, defendants have plenty of other lines of inquiry, with which to attach Torres' credibility and to attempt to establish motive and bias, as discussed <u>supra</u>.

For these and other reason the Court may deem appropriate, the government respectfully requests that this Motion be allowed.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                                By:   */s/ Cynthia W. Lie*

                                  CYNTHIA W. LIE
                                  JENNIFER ZACKS
                                  Assistant U.S. Attorneys

Dated: January 17, 2005