```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                  )
UNITED STATES OF AMERICA          )
                                  )    Criminal No.
                                  )
                                  )    03-CR-10362 (WGY)
        V.                        )
                                  )
                                  )
FABIAN A. RUIZ,                   )
and                               )
TREVOR ROYCE TEAGUE,              )
                                  )
        Defendants.               )
```

**UNITED STATES' SUPPLEMENTAL MOTION IN LIMINE**

The United States of America, through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorneys Cynthia W. Lie and Jennifer Zacks, hereby files this Supplemental Motion in Limine. This motion serves to correct convictions numbered 13-15 in the government's original Motion in Limine; these convictions were misclassified as convictions more than ten years old, but are in fact convictions less than ten years old as follows:

        13.    Operation After Suspension of License, 4th offense
- Lawrence District Court
- Arrgt. June 30, 1994
- Conviction March 31, 1995
- 6 Months Suspended Sentence
- **Dkt. #9418CR3301B;**

        14.    Threatening - Lawrence District Court
- Arrgt. July 12, 1994
- Conviction February 27, 1995
- one year probation

      **- Dkt. #9418CR3636B**

15. Assault and Battery - Lawrence District Court
    - Arrgt. July 12, 1994
    - Conviction February 27, 1995
    - one year probation
    - **Dkt. #9418CR3636A**

However, these convictions should still be precluded for the reasons set forth in the government's original Motion <u>in</u> <u>Limine</u> and for the following reasons. First, defendants have not given the requisite advance written notice of intent to use this evidence, as mandated by F.R.E. 609(b).

Second, both the Suspension of a License and the Threatening convictions are misdemeanors, with maximum terms of imprisonment of a year or less, and thus should not be admitted pursuant to F.R.E. 609. <u>See</u> <u>United States v. Figueroa</u>, 976 F.2d 1446, 1455-56 (1st Cir. 1992). The Assault and Battery conviction is also a misdemeanor, although it carries a possible term of imprisonment greater than one year. All three convictions have virtually no probative value, but are highly prejudicial. All three convictions are extremely remote in time, almost meeting the 10 year limit.

Third, the convictions do not bear on truthfulness and thus are not admissible under F.R.E. 608. <u>See</u> <u>United States v. Meserve</u>, 271 F.3d 314, 329 (1st Cir. 2001) (holding assaultive behavior "bore no relation whatsoever to his character for truthfulness."); <u>See</u> <u>also</u> <u>United States v. Heffernan</u>, 789 F.2d

968, 972 (1st Cir. 1986)(holding crimes of theft, stealth, and drug use are not probative of truthfulness).

Fourth, defendants have plenty of other lines of inquiry, such as Torres' prior drug use and drug dealing with which to attack Torres' credibility and to attempt to establish motive and bias, as discussed in the government's original Motion in Limine.  For these and other reason the Court may deem appropriate, the government respectfully requests that this Supplemental Motion in Limine and the original Motion in Limine be allowed.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    By:  /s/ Cynthia W. Lie
    CYNTHIA W. LIE
    JENNIFER ZACKS
    Assistant U.S. Attorneys

Dated: January 21, 2005