UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                    CR. NO. 03-10362-WGY

TREVOR TEAGUE

DEFENDANT' REQUEST FOR JURY INSTRUCTION

Defendant Trevor Teague, by his attorney, moves that this Court instruct the jury, inter alia:

REQUEST ONE:

CO-OPERATING WITNESS - GREATER CARE AND CAUTION

The testimony of Mr. Torres, an informer or co-operating witness who testified pursuant to a plea and co-operation agreement with the government, must be examined and considered with greater care and caution than the testimony of an ordinary witness.

There is evidence that the government agreed to certain concessions in exchange for Mr. Torres's agreement to plead guilty and testify at this trial. The government also promised to bring Mr. Torres's co-operation to the attention of the sentencing judge.

You should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine the testimony with greater care and caution.

You may consider whether Mr. Torres's testimony was affected by interest or prejudice, personal gain, an expectation of personal gain, or an expectation of favorable sentencing recommendations by the government.

REQUEST TWO:

DRUG USE - CLOSE SCRUTINY

There has been evidence that Mr. Torres was using drugs when the events he testified about allegedly took place. There is nothing improper about calling such a witness to testify about the events the witness claims were within his personal knowledge.

On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness who was not using drugs. The testimony of a witness who was using drugs at the time of the events he is testifying about may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.

REQUEST THREE:

MERE PRESENCE OR ASSOCIATION

You may not infer that Mr. Teague is guilty of participating in the crimes alleged in the indictment merely from the fact that he was present at the time a crime was being committed and had knowledge that it was being committed.

You may not infer that Mr. Teague was guilty of participating in the crimes alleged in the indictment merely from the fact that he may have associated with other people who were guilty of wrongdoing.

The following conduct by Mr. Teague does not amount to or indicate the presence of a conspiracy: mere presence at the scene of an alleged crime; mere similarity of conduct among various persons; mere close association among various persons; mere close association with a conspirator; mere discussion of common aims.

REQUEST FOUR:

WITNESS GUILTY PLEA

      You have heard testimony that Mr. Torres pleaded guilty to charges arising out of the same facts as this case. You may not draw any conclusions or inferences of any kind about the guilt of Mr. Teague from the fact that Mr. Torres pled guilty to similar charges; his decision to plead guilty was a personal decision about his own guilt and may not be used in any way as evidence against Mr. Teague.

                              TREVOR TEAGUE  
                              By his attorney,

                              <u>/s/ Elliot M. Weinstein</u>  
                              Elliot M. Weinstein  
                              BBO #520400  
                              228 Lewis Wharf  
                              Boston, MA 02110  
                              617-367-9334