UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                                        CR. NO. 03-10362-PBS

TREVOR TEAGUE

DEFENDANT TREVOR TEAGUE'S SENTENCING MEMORANDUM

Defendant Trevor Teague, by his attorney, submits the following memorandum in support of his request that the Court impose a sentence not more than the applicable statutory mandatory minimum sentence of five (5) years.

Defendant submits that pursuant to 18 U.S.C. §3553(a) the statutory mandatory minimum sentence is the fair and reasonable sentence to be imposed.

ADVISORY GUIDELINE CALCULATIONS:

CAREER OFFENDER

The probation department has improperly and unfairly calculated a guideline sentencing range of 262 to 327 months predicated on its conclusion that Mr. Teague is a career offender per U.S.S.G. §4B1.1.

Mr. Teague objects to the guideline calculations contained in the presentence report (PSR).

In order to apply the career offender guidelines to Mr. Teague, this Court must make findings of fact and law that Mr. Teague was previously convicted of two crimes of violence in Texas state court. The possible qualifying prior offenses are titled "Injury To A Child" and "Endangering A Child."

1

As an initial proposition, Mr. Teague submits that any prior convictions for career offender sentencing enhancement purposes violates his Fifth and Sixth Amendment rights that the matters be pleaded in the indictment and proven to a jury beyond a reasonable doubt before they may be considered as career offender predicate convictions.  Mr. Teague submits this is the clear evolving requirement, and inevitable Supreme Court ruling recently presaged by Justice Thomas's concurring opinion is *Shepard v. United States*, 125 S. Ct. 1254 (2005), as earlier predicted in *Apprendi v. New Jersey*, - that *Almendarez-Torres*, 523 U.S. 224 (1995) was wrongly decided.

Otherwise, the Court will find itself in the unconstitutional role of fact finder.  The *Almendarez-Torres* exception for facts of prior conviction should be construed very narrowly so as to minimize this risk.  The Fourth Circuit adopted this view in *United States v. Washington*, _ F. 3d _, 2005 WL 858010, (4th Cir. April 15, 2005), holding, in the context of the enhancement for a prior conviction for a "crime of violence", that in light of *Shepard*, the "prior conviction exception" is a limited one that does not permit judicial fact-finding regarding facts not contained in the indictment or the other documents *Shepard* permits.

The charge of Endangering A Child, as set forth in the PSR, involved Mr. Teague leaving his wife's eleven month old child alone in a crib while he was away from their home for 45 minutes looking for his wife/the baby's mother at the Fort Hood army base where they were both stationed.  The defendant submits that this offense and this offense conduct is not one of violence within the meaning of §4B1.2(a)(2) which includes within the definition of crime of violence any offense which "otherwise involves conduct that presents a serious risk of physical injury to another".

Application Note 1 further explains "the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted ... by its nature, presented a serious potential risk of physical injury to another". Under this section, the defendant's conduct is the focus of inquiry.

In *United States v. Calderon-Pena*, 357 F. 3d 518 (5th Cir. 2004), the Fifth Circuit sought to determine whether the prior conviction of Endangering A Child involved an element of intentional or attempted use of force. In holding that the prior conviction was a crime of violence, the Fifth Circuit examined the indictment which alleged that the defendant drove his motor vehicle into a second motor vehicle which was occupied by his children and thus concluded that the prior conviction did involve a crime of violence.

A similar examination of Teague's Texas indictment reveals no such allegation of intentional or actual use of force, and thus a different conclusion is obtained. The PSR's reliance on *Calderon-Pena* is misplaced. Indeed, the analysis and methodology employed by the Fifth Circuit results in the conclusion that Teague's conviction of Endangering A Child was not a crime of violence. Teague's indictment alleges that he left a child under the age of fifteen "unattended". There is no allegation of intentional or attempted use of force.

The Supreme Court's holding in *Shepard v. United States,* 125 S. Ct. 1254 (2005), further supports the conclusion that Teague's conviction was not a crime of violence. *Shepard* restricts this Court's evaluation of Teague's Endangering A Child conviction to facts established by the record of conviction. As noted above, the indictment only specifies that "a child younger than fifteen years of age" was left "unattended" at his residence for 45 minutes". There simply is no factual allegation upon which to conclude that leaving the person unattended placed her at serious potential risk of physical injury. Specific factual allegations and facts established by

3

record of conviction are required if the Court is to conclude the conviction a crime of violence.

This Court's inquiry should go no further.

Alternatively, if this Court concludes it is not restricted by *Shepard, supra,* but instead may look to the factual information contained in paragraph 43 of the PSR, that the prior offense conduct involved an eleven month old child left alone in a crib for 45 minutes with no allegation of any actual or intended harm to the child, there is sufficient information to conclude that this conduct should not be the basis for including the prior conviction as a crime of violence for career offender calculations.

ROLE IN THE OFFENSE

Mr. Teague had a minimal role in the offense and his guideline computation should be adjusted downward by four points per §3B1.2(a).  The evidence showed that Mr. Teague was present as a traveling companion with Mr. Ruiz; that the marijuana business relationship existed between Mr. Ruiz and Mr. Torres; that Mr. Teague's active role was as a traveling companion with Mr. Ruiz who acted as a "gofer" for Ruiz and stood by as a lookout during the off loading of marijuana from Ruiz's motor home.

CRIMINAL HISTORY CATEGORY

Mr. Teague's criminal history clearly substantially over-represents the seriousness of his criminal history and the likelihood that he will commit other crimes.   The prior offenses occurred when Mr. Teague was young, 19, involved in his first and short term marriage, and serving in the U.S. Army.  The relative seriousness of the offenses has been argued above.
18 U.S.C. §3553(a)

THE JUST AND APPRORIATE SENTENCE

The PSR does provide this Court with important information to determine a reasonable and appropriate sentence as required under §3553(a).  As set forth in the PSR, and detailed further in the April 20, 2005 letter to the Court from 'The Friends and Family of Trevor Teague', serious and substantial family circumstances weigh strongly in favor of a minimum sentence for Mr. Teague.  If sentencing weren't governed by a mandatory five year minimum term, defense counsel would advocate a sentence of time served so that Mr. Teague would be able to return to his home and family in Tucson, Arizona and provide for and care for his children and wife.

CONCLUSION:

For the above stated reasons, Mr. Teague requests that this Court impose the minimum statutory sentence of five years imprisonment.

TREVOR TEAGUE
By his attorney,

_____
Elliot M. Weinstein
BBO #520400
228 Lewis Wharf
Boston, MA 02110
617-367-9334