UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 03-10362-WGY |
| ) | |
| TREVOR TEAGUE, ) | |
|    Defendant ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant United States Attorney Cynthia Lie, submits this memorandum in response to the a sentencing memoranda filed by defendant Trevor Teague ("Teague") on May 9, 2005.  The government requests that the Court sentence Teague to a term of between 78-97 months of imprisonment based on his Base Offense Level of 26 and Criminal History Category III.  This guideline sentence is a reasonable sentence.  A sentence of less than 78 months would be unreasonable under  United States v. Booker, __ U.S. __, 2005 WL 50108 (U.S. Jan. 12, 2005).

### I. *Almendarez-Torres* is Still the Law

A sentence enhancement based on defendant's career offender status for prior convictions is proper under Almendarez-Torres v. United States, 523 U.S. 224 (1998).  In Blakely v. Washington, the Supreme Court reaffirmed established precedent that a court

may enhance a defendant's sentence based upon a review of the defendant's entire criminal history -- that is, recidivism. 124 S.Ct. 2531, 2536 (2004). Thus, despite leading to an enhanced sentence, facts concerning a defendant's criminal history need not be presented to a jury. See e.g., Almendarez-Torres v. United States, 523 U.S. 224, 229-48 (1998). As a result, a defendant could not properly challenge, under Blakely, an enhancement to his or her sentence that was predicated upon the defendant's criminal history, including a calculation of the defendant's Criminal History Category under the Sentencing Guidelines or a statutory enhancement based upon the defendant's prior convictions. See United States v. Stearns, 387 F.3d. 104 (1st Cir. 2004); see also, United States v. Cordoza-Estrada, 385 F.3d 56, 59 (1st Cir. 2004) (citing Apprendi); see also United States v. Moore, 286 F.3d 47, 50 (1st Cir. 2002)("In the post-Apprendi era, we have ruled with a regularity bordering on the monotonous that, given the explicit exception and the force of Almendarez-Torres, the rationale of Apprendi does not apply to sentence-enhancement provisions based upon prior criminal convictions").

    The Court agreed that Blakely left Almendarez-Torres untouched, and denied the motion.

    Nothing has changed in the wake of United States v. Booker, __ U.S. __, 2005 WL 50108 (U.S. Jan. 12, 2005). Because Booker

did not address the use of prior convictions to enhance a statutory maximum sentence, statutes that treat recidivism as a sentencing factor may still be applied as before. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (facts "[o]ther than the fact of a prior conviction" that increase the statutory maximum must be found by a jury beyond a reasonable doubt); Blakely, 124 S. Ct. at 2536 (citing Apprendi).

Moreover, contrary to defendant's contention, Shepard v. United States is not on point.  Shepard only held that a sentencing court could not look to underlying police reports or complaint applications to determine whether a burglary guilty plea for purposes of Armed Career Criminal Act predicate offenses.  125 S.Ct. 1254, 1257-8 (2005).  Thus, the question still remains as to whether Teague's Endangering A Child conviction is a "crime of violence".  In United States v. Calderon-Pena, the Court held that endangerment was a "crime of violence" but explicitly refrained from addressing the question of whether a conviction for endangerment in which "no actual force caused injury to the body of the victim" satisfied the "crime of violence" definition set forth by the Sentencing Commission for career offender conviction purposes.  See 357 F.3d 518, 519 (5th Cir. 2004).

However, in United States v. Parson, 955 F.2d 858 (3rd Cir. 1992), the Court addressed this question and held that "conduct

3

that presents a serious potential risk of physical injury to another" was a "crime of violence" for purposes of the career offender Guideline, irrespective of whether the defendant committed any "use" of force.  See Id. at 873.  The Court continued by maintaining that "crimes such as drunk driving and child neglect present a serious risk of physical harm to a victim and therefore qualify as predicate "crimes of violence" for purposes of the career offender Guideline." Id. at 874.  The Court expressed some concern by the possibility that some "pure recklessness" crimes in which no harm was intended would be covered by this holding.  Id.  However, in the instant case, as demonstrated by defendant's own sentencing exhibit, the September 24, 1996 grand jury return, the grand jury found that defendant "intentionally, knowingly, recklessly, and with criminal negligence, engaged[d] in conduct that placed Cassaundra Marie Burton... in imminent danger of death, bodily injury, and physical and mental impairment."  Thus, the gravamen of the offense is not as defendant suggests simply, the "potential risk to the child by reasons of the child be(sic) left alone while in Mr. Teague's care", [PSR, Obj. 3], but rather Teague's intentional creation of a substantial risk of bodily harm to the child.

**II.  Role in the Offense**

Contrary to defendant's contention, his role was not a

minimal one warranting a four point downward departure, pursuant to 3B1.2(a).  Teague provides no caselaw or other authority in support of a downward departure for minimal role.  Teague's role was not even a minor one warranting a two point downward departure.  As set forth in the PSR, on October 20, 2003, $6,000 was wired by Keven Brown on behalf of Anibal Torres to Trevor Teague to pay for a prior marijuana deal and possible to pay for expenses on the next marijuana trip.  [See PSR, ¶ 15].  Teague did not merely drive around with Fabian Ruiz.  Teague drove with Fabian half way across the country from Tuscon, Arizona to Lowell, Massachusetts for the marijuana deal at issue.  [See PSR, ¶ 15].  They met with Torres at a bar where they discussed the upcoming load of marijuana, then the next day met with Torres and Torres' marijuana customer, Ronny, to discuss the load of marijuana.  [See PSR, ¶ 16].  Teague acted as lookout in the RV where the bundles of marijuana were being unloaded, and there was evidence that he participated in the unloading of the marijuana. [See PSR, ¶ 20]

**III. The "Reasonable" Sentence is The Guideline Sentence.**

Teague is a seasoned marijuana dealer and was convicted by a jury of conspiring and possessing with the intent to distribute 100 to 400 kilograms of marijuana.  Teague received wire transfers related to marijuana deals and traveled cross country to engage in this marijuana activity.  His Criminal History

Category does not over-represent the seriousness of his criminal history and the guideline sentence of is reasonable 78-97 months imprisonment.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence Teague to the Guideline range of 78-97 months of imprisonment (BOL 26, CHC III).

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                              By:  */s/ Cynthia W. Lie*
                                        CYNTHIA W. LIE
                                        Assistant U.S. Attorney

Dated:  May 12, 2005